PROB 12C
(6/16)

Report Date: October 30, 2019

# United States District Court

### for the

### Eastern District of Washington

## Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Vernon Jacob Zepp, III. | Case Number: 0980 1:14CR02099-RMP-1 |

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Rosanna Malouf Peterson, U. S. District Judge

Date of Original Sentence: June 17, 2015

| | | |
|---|---|---|
| Original Offense: | Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | |
| Original Sentence: | Prison - 37 months;<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(3/22/2019) | Prison - 8 days;<br>TSR - 36 months | |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: March 22, 2019 |
| Defense Attorney: | Alex B. Hernandez, III | Date Supervision Expires: October 24, 2020 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

Violation Number     Nature of Noncompliance

1     **Special Condition #18**: You shall abstain from the use of illegal controlled substances, and shall submit to urinalysis testing (which may include urinalysis or sweat patch), as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** Mr. Zepp is considered to be in violation of his conditions of supervised release by consuming a controlled substance, methamphetamine, on or about August 17, 2019.

On October 26, 2017, this officer met with Mr. Zepp upon his release from custody. Mr. Zepp reviewed and signed the judgment and sentence, which outlines the conditions of his term of supervised release.

On August 19, 2019, this officer met with Mr. Zepp at his residence to monitor compliance with his supervision conditions. Mr. Zepp self-disclosed to this officer that he consumed methamphetamine a few days prior.

Prob12C
**Re: Zepp, III., Vernon Jacob**
**October 30, 2019**
**Page 2**

| | | |
|---|---|---|
| 2 | | **Standard Condition #2**: The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer. |

**Supporting Evidence**: Mr. Zepp is considered to be in violation of his conditions of supervised release by failing to report to the probation officer on October 25, 2019.

On October 26, 2017, this officer met with Mr. Zepp upon his release from custody. Mr. Zepp reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On September 25, 2019, this officer met with Mr. Zepp at his residence and provided him with reporting instructions to report to his probation officer. Mr. Zepp was instructed to report to his probation officer on October 25, 2019.

On October 23, 2019, this officer attempted to contact Mr. Zepp at his residence, but he was not home. A message for Mr. Zepp was left with his sister to remind him to report to his probation officer on October 25, 2019.

On October 25, 2019, Mr. Zepp failed to report to his probation officer.

It should be noted that Mr. Zepp was arrested on October 26, 2019, for suspicion of driving under the influence and was booked into the Yakima County Jail. On October 27, 2019, Mr. Zepp posted bail and was released from custody. As of the date of this report, Mr. Zepp has not reported to his probation officer.

3   **Special Condition #16**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

**Supporting Evidence**: Mr. Zepp is considered to be in violation of his conditions of supervised release by failing to complete an approved substance abuse treatment program on October 25, 2019.

On October 26, 2017, this officer met with Mr. Zepp upon his release from custody. Mr. Zepp reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On September 13, 2018, Mr. Zepp completed a substance abuse evaluation at Comprehensive Healthcare in Yakima, Washington, and was recommended outpatient treatment. Shortly thereafter, Mr. Zepp began the recommended treatment program.

On October 25, 2019, Mr. Zepp was discharged from Comprehensive Healthcare due to lack of attendance. Mr. Zepp let his private insurance lapse and did not make arrangements to reinstate his insurance to continue receiving services.

Prob12C
**Re: Zepp, III., Vernon Jacob**
**October 30, 2019**
**Page 3**

| | | |
|---|---|---|
| 4 | | **Special Condition #15**: You shall abstain from alcohol and shall submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance. |

<u>**Supporting Evidence**</u>: Mr. Zepp is considered to be in violation of his conditions of supervised release by consuming alcohol on October 26, 2019.

On October 26, 2017, this officer met with Mr. Zepp upon his release from custody. Mr. Zepp reviewed and signed the judgment and sentence, which outlined the conditions of his term of supervised release.

On October 26, 2019, Mr. Zepp was operating a motor vehicle in Selah, Washington. A Selah police officer observed the vehicle Mr. Zepp was driving to be traveling at a high rate of speed, 50 miles per hour (MPH) in a zone designated at 30 MPH.

The officer stopped the vehicle and identified the driver by Washington identification card as Vernon Zepp (date of birth 07/28/1983). The officer explained to Mr. Zepp why he had stopped him and asked him why he was driving the way he was. Mr. Zepp replied, "because I'm on one." Mr. Zepp was asked what that meant, which he stated he had been drinking and admitted to having consumed a few beers. The officer asked Mr. Zepp how much he had to drink. Mr. Zepp said, "too much."

While the officer stood at the open door to the vehicle, he could see in plain view an open Busch Ice beer can sitting in the center console cup holder. While the officer spoke with Mr. Zepp, he could smell an obvious odor of intoxicants emitting from the vehicle.

The officer determined that Mr. Zepp's driver's status was suspended in the third degree. Mr. Zepp was advised that he was under arrest for reckless driving with suspicion of driving under the influence.

Mr. Zepp was transported to the Yakima County Jail, where he voluntarily submitted two breath samples. The first result was a blood alcohol content of 0.025. The second sample result was 0.023.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    October 30, 2019

s/Arturo Santana

Arturo Santana
U.S. Probation Officer

Prob12C
**Re: Zepp, III., Vernon Jacob**
**October 30, 2019**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

_____
Signature of Judicial Officer

10/30/2019
Date